# GARLAND v. BELLER.

No. 1376.   Opinion Filed December 12, 1911.

(120 Pac. 923.)

**JUSTICES OF THE PEACE—Action for Rent—Bill of Particulars.** Bill of particulars examined, and held to state a cause of action.

(Syllabus by Ames, C.)

*Error from Haskell County Court; A. L. Beckett, Judge.*

Action by Joseph Garrett Garland, a minor, by his legal guardian, W. G. Garland, against G. G. Beller. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*Brown & Lawrence,* for plaintiff in error.

*Frederick & King,* for defendant in error.

Opinion by AMES, C.   This case originated in a justice court, where a verdict for the plaintiff was rendered, and the defendant appealed to the county court, and on his motion the plaintiff was required to amend his bill of particulars. The amended bill of particulars, the caption omitted, is as follows:

"Comes now the plaintiff in the above-entitled cause, and, leave of the court being first had and obtained, files this as his amended bill of particulars, and for cause of action against the defendant, alleges and states: That Joseph Garrett Garland is a minor, —— years of age, and that his father, W. G. Garland, is his duly and legally appointed and qualified guardian. That the plaintiff is the owner in fee simple of the N. ½ of the N. W. ¼ of section 35, township 11 N., range 22 E., known as the Will Hopper lease in Haskell county, Oklahoma. That on or about the —— day of September, 1908, the said W. G. Garland, as guardian of the said Joseph Garrett Garland, rented the defendant, G. G. Beller, by oral contract, the land above described; said agreement being as follows: W. G. Garland, as guardian of Joseph Garrett Garland, rented the above-described land to the defendant, G. G. Beller, for the year 1909 for agricultural purposes. There being no agreement as to the rent, except that the said W. G. Garland agreed to accept as rent therefor the sum

of $3.50 per acre, provided the said G. G. Beller should put in cultivation all the land on said premises that could be cultivated, and cleared all other lands thereon, and cleaned out all sloughs on said premises. The clearing, cleaning out sloughs, and putting in cultivation aforesaid, being the condition on which the defendant should have the said land for $3.50 per acre. That as such tenant, the defendant went into and took possession of the aforesaid premises, and used and occupied the same during the year 1909. That the defendant, as tenant of the plaintiff, has wholly failed, neglected, and refused to comply with the condition aforesaid on which he should have the said land at $3.50 per acre, and the plaintiff is entitled to the reasonable and customary rental value of the same. That 65.12 acres of said land was in cultivation by the defendant during the year 1909. That the reasonable and customary rental value of said land in cultivation is $5 per acre, or $325.60. That the defendant paid the plaintiff on or about the —— day of January, 1909, the sum of $201 on the rent for said land. That there remains due and unpaid on said rents the sum of $124.60, no part of which has been paid, and against which there are no offsets. That the defendant has removed and is removing and causing to be removed the crops grown on said land. That the plaintiff claims a lien on the crops grown on said land for the balance of the rent due as aforesaid. Wherefore, premises considered, plaintiff prays judgment against the defendant in the sum of $124.60, and for all other relief that he may be entitled to, and the costs of this action. [Signed] Brown & Lawrence, Attys. for the Plaintiff."

A general demurrer was filed to this bill of particulars and sustained by the county court. The error in doing so is so manifest that it is unnecessary to cite authorities. If the plaintiff sustains the allegations of his bill of particulars, he is entitled to recover. The case should be reversed and remanded.

By the Court: It is so ordered.

All the Justices concur.